THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

ENTERED
CLERK, U.S. DISTRICT COURT
MAY 18 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
MAY 17 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority  ✗
Send      ✗
Enter     ✗
Closed    ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

Docketed
Copies/NTC Sent
JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

MAY 18 2001

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BABCOCK & WILCOX COMPANY, a Delaware corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>TIDELANDS OIL PRODUCTION COMPANY, a California Partnership; OIL TECH SERVICES, INC., a Texas corporation; THERMAL SYSTEMS INTERNATIONAL, INC., a California corporation,<br><br>        Defendants. | CV 97-1617 RSWL (RNBx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING TIDELANDS' MOTION FOR SUMMARY JUDGMENT** |

//

//

-1-

## I.
## INTRODUCTION

This action arises out of Plaintiff The Babcock & Wilcox Company's ("Plaintiff") claim that Defendants Oil Tech Services, Inc. ("Oil Tech"), Tidelands Oil Production Company ("Tidelands"), and Thermal Systems International, Inc. ("Thermal Systems") (collectively "Defendants") infringed its patent for Vacuum Insulated Stem Injection Tubing, U.S. Patent No. 4,512,721 ("'721 patent"). Before the Court is Plaintiff's Motion for Reconsideration of the Court's Grant of Defendants' Motion for Summary Judgment of Literal Non-Infringement Under 35 U.S.C. § 112 ¶ 6 Equivalents and Tidelands' Motion for Summary Judgment. These Motions were scheduled for oral argument on May 14, 2001, but were removed from the Court's law and motions calendar pursuant to Federal Rule of Civil Procedure 78 for disposition based on the papers filed.

After carefully considering the papers filed in support of and in opposition to the Motions, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration. Plaintiff fails to demonstrate sufficient grounds for reconsideration. The Court **GRANTS** Tidelands' Motion for Summary Judgment for reasons expressed in the Orders filed in connection with Oil Tech's Motion for Summary Judgment and Motion for Reconsideration.

//
//

## II.
## BACKGROUND

On March 12, 1997, Plaintiff filed the underlying suit for patent infringement, claiming that Defendants had been, and still were, infringing, inducing the infringement of, and contributorily infringing its '721 patent by making, using, offering for sale, or selling vacuum insulated tubulars. In addition to damages, Plaintiff's Complaint seeks a preliminary and permanent injunction enjoining Defendants from infringing Plaintiff's '721 patent. Defendants filed counterclaims for declaratory relief.

**A.   The Technology**

This patent infringement suit involves technology relating to insulated tubulars used primarily in the oil production industry. Insulated tubulars are essentially insulated pipe sections that are used to increase the effectiveness and efficiency of enhanced oil recovery steam injection operations. Without some form of thermal insulation in the steam pipes, much of the thermal energy in the steam at the surface is lost before the steam reaches the oil deposit, thereby making the whole procedure more costly and less efficient.

An insulated tubular, such as the one at issue, is a double-walled pipe, that is, one smaller pipe within another larger pipe. The area formed between the inner and outer pipes is called the annular space. In a high temperature setting, the

annular space is often filled with low thermally conductive gases, or, in some cases, a vacuum is created.

Another issue with these tubulars is the corrosion of the outer piping. Corrosion at the extremity of the piping creates byproducts such as hydrogen molecules, which conducts heat and degrades the vacuum created in the annular space. Unless this hydrogen permeation process is halted or slowed, a thermally useful vacuum can be destroyed prematurely.

One of the solutions to the hydrogen permeation problem is the use of gettering materials (also called "getters"). Getters are common compounds of the elements vanadium, titanium, iron, lead, aluminum, and zirconium. They may be designed to absorb active gases such as hydrogen. In that respect, getters are particularly useful in the insulated tubular setting.

**B.  This Court's Order Denying in Part and Granting in Part Defendant Oil Tech's Motion for Summary Judgment as to Noninfringement**

On February 9, 1998, Oil Tech filed a motion for summary judgment of non-infringement. In an Order filed on April 15, 1998, this Court granted in part and denied in part Oil Tech's motion. Regarding literal infringement, the Court found that the "connecting means" limitation in Claim 1 contained "means plus function" language.[1] Pursuant to 35 U.S.C. § 112, para. 6,[2] the

---

[1] Claim 5 also contains the "connector means" limitation.

[2] Section 112, paragraph 6 provides:

Court concluded that there was no literal infringement as a matter of law because the '721 patent and the alleged infringing device contained different structures.

Specifically, the Court found that the '721 patent is limited to a "connector means" which involves materials extrinsic to the tubular device. The accused infringing device does not contain such extrinsic materials, but rather, the inner and outer tubular is "upset" or flared in a hot forging process so that the inner tubular as a unitary piece is welded directly to the outer tubular without any connectors at all.

The Court, however, declined to enter summary judgment of non-infringement under the doctrine of equivalents. Regarding infringement under the doctrine of equivalents, the Court found that Oil Tech's evidence did not demonstrate that Oil Tech's flaring out process for joining the inner and outer tubulars is more than an insubstantial change.

The Court also found that there were genuine issues of material fact regarding the function of Oil Tech's "corrosion resistant coating." Specifically, the Court concluded that genuine issues of fact existed as to (1) the actual temperature

---

An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

35 U.S.C. § 112, para. 6.

to which the paint is exposed; (2) the effectiveness of the aluminum paint at high temperatures; and (3) the corrosion resistant properties of the aluminum paint in the oil extraction setting. The Court also found that there were genuine issues of material fact as to Oil Tech's use of prior art.

**C. This Court's Order Granting Oil Tech's Motion for Reconsideration and Denying Tidelands' Motion for Reconsideration**

In an order filed on April 16, 2001, this Court granted Oil Tech's motion for reconsideration of the April 15, 1998 Order, finding that Oil Tech was entitled to summary judgment of non-infringement under the doctrine of equivalents. In light of the Court's prior finding that the means for connecting the inner and outer tubulars in the '721 patent and the accused device were not equivalent under 35 U.S.C. § 112, para. 6, the Court concluded, after reviewing new case law from the Federal Circuit, that there could be no infringement under the doctrine of equivalents as a matter of law. Tidelands' motion for reconsideration was denied because Tidelands did not have standing to seek reconsideration of the order.

//
//

## III.
## DISCUSSION

A.  **Plaintiff's Motion for Reconsideration**

Plaintiff moves for reconsideration pursuant to Central District Local Civil Rule 7.16. In this District,

> [a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Central District of California Local Civil Rule 7.16.

It is unclear whether Plaintiff is seeking reconsideration of one or both of the Court's orders in connection with Oil Tech's motion for summary judgment. The Court construes Plaintiff's motion as requesting reconsideration of both orders to the extent the orders address 35 U.S.C. § 112, para. 6.

Plaintiff contends that the decision in <u>Odetics, Inc. v. Storage Technology Corp.</u>, 185 F.3d 1259 (Fed. Cir. 1999) clarifies the test for structural equivalents under section 112, para. 6. Specifically, Plaintiff argues that in finding that the corresponding structure "involves materials extrinsic to the tubular device[,]" the Court improperly considered individual components of the structure disclosed in the '721 patent rather than the overall structure.

<u>Odetics, Inc.</u> does not change the result reached by the Court in the instant matter. The Court did not consider component parts of the corresponding structure to the "connector means" limitation, but rather, determined that the corresponding structures in the '721 patent were extrinsic materials. The structure in the accused device is not equivalent to the disclosed structure because the "means for connecting" the inner and outer tubulars in the accused device does not involve extrinsic materials. The Court has extensively discussed these issues, and will not do so again here.

Plaintiff also argues, as it did in opposition to Oil Tech's motion for reconsideration, that the expert testimony of Paul J. Kovach supports a finding of literal infringement. The Court will not reconsider repeated arguments nor will the Court reevaluate evidence submitted in connection with Oil Tech's 1998 motion for summary judgment as Plaintiff requests the Court to do in its Reply. In sum, Plaintiff provides insufficient grounds

1  for reconsideration. Accordingly, Plaintiff's Motion for
2  Reconsideration is **DENIED**.
3  B.  **Tidelands' Motion for Summary Judgment**
4      The Order Denying in Part and Granting in Part Defendant Oil
5  Tech's Motion for Summary Judgment as to Noninfringement filed on
6  April 15, 1998 and Order Granting Oil Tech's Motion for
7  Reconsideration and Denying Tidelands' Motion for Reconsideration
8  filed on April 16, 2001 are incorporated herein by reference.
9  For the reasons expressed in those Orders, the Court hereby
10 **GRANTS** Tidelands' Motion for Summary Judgment.
11 //
12 //

IV.
**CONCLUSION**

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration and **GRANTS** Tidelands' Motion for Summary Judgment. Judgment in favor of Tidelands is filed concurrently with this Order. In light of the Court's entry of judgment in favor of both Oil Tech and Tidelands, the remaining motions pending before this Court[3] are **DENIED** as moot.

**IT IS SO ORDERED.**

*RONALD S. W. LEW*
_____
**RONALD S.W. LEW**
United States District Judge

DATED:   May 17, 2001

No. CV 97-1617 RSWL [The Babcock & Wilcox Company v. Tidelands Oil Production Company et al.] [Tidelands' Motion for Summary Judgment; Plaintiff's Motion for Reconsideration]

(orders\Babcock_Reconsider2.wpd\t)

---

[3] Defendants Tidelands and Oil Tech Services' Motion to Correct Inventorship; for Reconsideration of Summary Judgment as to 35 U.S.C. § 256 Issues and for Summary Judgment as to Inventorship, Defendants Tidelands and Oil Tech Services' Motion to Reopen Discovery and for Leave to Amend Answer and Counterclaims, Plaintiff's Motion for Summary Judgment that the Patent-in-Suit is not Invalid under 35 U.S.C. § 112, Plaintiff's Motion for Summary Judgment Excluding Laches/Equitable Estoppel Defense, and Plaintiff's Motions in Limine were calendared for hearing on March 12, 2001, but were removed from the Court's calendar for disposition based on the papers filed.